IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                        OPINION AND ORDER

           Plaintiff,

                           12-cv-483-bbc

   v.

GERALD WRIGHT, MICHAEL J.
GABLEMAN, BURNETT COUNTY
CIRCUIT COURT,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary and injunctive relief, plaintiff Alan David McCormack alleges that defendants Gerald Wright and Michael Gablemen have not decided in timely fashion various post conviction motions in his criminal case, in violation of Wisconsin Supreme Court Rule 70.36(1)(a) and his right to due process under the Fourteenth Amendment. Plaintiff seeks monetary damages and injunctive relief ordering, among other things, the state court to reassign his case to a different judge, appoint a lawyer to represent him, hold a hearing and rule on his motions. He has also filed a motion for the appointment of counsel in this action.

Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has paid his initial partial filing fee. Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his proposed complaint and dismiss any portion that

1

is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Having reviewed the complaint, I conclude that it must be dismissed with prejudice because the named defendants are immune from suit and because the court lacks jurisdiction over plaintiff's claim that defendants violated state court rules.

Plaintiff has alleged the following facts.

## ALLEGATIONS OF FACT

Plaintiff Alan David McCormack is a prisoner at the Fox Lake Correctional Institution located in Fox Lake, Wisconsin. He was convicted of first degree murder on July 14, 1988. State v. McCormack, No. 87CF112 (Burnett County).

On June 8, 2005, plaintiff filed a petition for writ of habeas corpus with the Circuit Court for Burnett County. At that time, plaintiff's criminal case was assigned to defendant Michael Gablemen, then a judge of the court. Plaintiff alleges that Gablemen did not act on the petition and it remains pending.

On December 8, 2009, plaintiff's case was reassigned to defendant Gerald Wright, a judge on the Circuit Court for Sawyer County. At various times between November 9, 2009 and the present, plaintiff has filed sixteen motions in his criminal case. They include motions for post conviction DNA testing and appointment of counsel, as well as motions for

2

contempt of court, to correct the record, to appoint a special prosecutor, to produce the court reporter's trial notes, for immunity and for release. Defendant Wright has acted on only four of the motions. On several occasions, plaintiff has written to the Chief Judge of the 10th District, who responded by stating that he has no control over plaintiff's complaints.

OPINION

Plaintiff's complaint alleges that defendant's failure to decide his motions in a timely fashion violates the due process clause of the Fourteenth Amendment and Wisconsin Supreme Court Rule 70.36(1)(a). Unfortunately for plaintiff, he has two problems that doom his case: he has failed to name a suable entity for his due process claim and I do not have the authority to enforce the Wisconsin state court rules.

In a civil action, violations of the Constitution must be enforced through 42 U.S.C. § 1983. Plaintiff's due process claim under § 1983 must be dismissed because he has not named any person or entity that can be sued under § 1983.

Plaintiff cannot seek injunctive relief against defendant Wright or Gableman because § 1983 bars suits for injunctive relief against a judge "for an act or omission taken in such officer's judicial capacity." (Moreover, defendant Gableman no longer serves as a judge of the court; he sits on the Wisconsin Supreme Court.) Plaintiff cannot sue them for monetary damages because judges have absolute immunity from suit for damages for actions taken in their official capacity. Mireles v. Waco, 502 U.S. 9 (1991); Abdella v. Catlin, 79 Wis. 2d

270, 279, 255 N.W.2d 516 (1977). Judges remain immune even if their acts are "flawed by commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10 (citation and quotation marks omitted).

Defendant Burnett County Circuit Court must also be dismissed because it is not a separate entity that may be sued under Wisconsin law. Under Federal Rule of Civil Procedure 17(b), state law determines whether a particular unit of state government has the capacity may be sued. A Wisconsin statute provides expressly that a county may sue or be sued, Wis. Stat. § 59.01, but I have found no Wisconsin statute or case allowing a county circuit court to be sued as separate entity. Hoffman v. Kehl, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that "Kenosha County Circuit Courts" is not a suable entity and is an arm of the state entitled to sovereign immunity under Eleventh Amendment). Because the Barnett County Circuit Court is a part of the county government which it serves, I conclude that is "not a separate suable entity." Whiting v. Marathon County Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department is not suable because it is not legal entity separate from county). However, even if plaintiff had sued the county directly, his claim is that county court judges violated his rights and, as I stated above, § 1983 does not authorize injunctive relief against judges for an act or omission in

4

their judicial capacity.

Finally, plaintiff's claim for violation of Wisconsin Supreme Court Rule 70.36(1)(a) must be dismissed because the court lacks jurisdiction to order a state court to follow state court rules. In essence, plaintiff is requesting what is called a writ of mandamus. In limited circumstances, a federal appellate court may use a writ of mandamus to direct a lower federal court to take a particular action. E.g., In re Blodgett, 502 U.S. 236 (1992). However, a federal district court does not have authority over a state court, which means that it has no general power to direct state judicial officials in the performance of their duties. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Hill v. Baxter Healthcare Corp., 405 F.3d 572, 577 (7th Cir. 2005). Therefore, plaintiff's claim for violation of Wisconsin Supreme Court Rule 70.36 must be dismissed for lack of jurisdiction. If petitioner seeks to compel a state court judge to act, he must seek relief from the Wisconsin Court of Appeals.

ORDER

IT IS ORDERED that plaintiff Alan David McCormack's complaint is DISMISSED with prejudice for failure to state a claim. His motion for appointment of counsel is DENIED as moot. The clerk of court is directed to close this case.

Entered this 23d day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District J(udge