IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                                                 ORDER

                     Plaintiff,

                                        12-cv-483-bbc

       v.

GERALD WRIGHT, MICHAEL J.
GABLEMAN and BURNETT COUNTY
CIRCUIT COURT,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered on October 24, 2012 dismissing this case with prejudice for plaintiff's failure to state a claim upon which relief may be granted. Plaintiff's four subsequent motions for reconsideration or relief from judgment were all denied. In an order entered on August 2, 2013 I told plaintiff that his repeated, meritless post-judgment motions practice in this case had ended and that I would take no further action on any additional motions filed by plaintiff in this case. Now plaintiff has filed a notice of appeal from the August 2 order. Because plaintiff has not paid the $455 filing fee for filing an appeal, I will construe his notice of appeal as a request to proceed in forma pauperis on appeal.

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant

is a prisoner and has three strikes.  § 1915(a)(1),(3) and (g).  Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998).  Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit.  Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000).  Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed  in forma pauperis on appeal.  Plaintiff must include with his motion an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order.  Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.  If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal.  Instead, it may require plaintiff to pay the full $455 filing fee before it considers his appeal further.  If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiff Alan David McCormack's request for leave to proceed

in forma pauperis on appeal, dkt. #35, is DENIED.  I certify that his appeal is not taken in

good faith.  The clerk of court is directed to insure that plaintiff's obligation to pay the $455

fee for filing his appeal is reflected in the court's financial records.

Entered this 23d day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3